UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES T. BROWN, JR., | No. 2:16-cv-1149 KJM AC (PS) |
| Plaintiff, | |
| v. | ORDER |
| YELLOW FREIGHT TRUCKING, et al., | |
| Defendants. | |

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. ("Local Rule") 302(c)(21). Plaintiff has re-submitted his request for leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915. ECF No. 4. Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

I. SCREENING

Granting IFP status does not end the court's inquiry, however. The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Plaintiff must assist the court in making this determination by drafting his complaint so

1

that it contains a "short and plain statement" showing that plaintiff is entitled to relief (that is, who harmed the plaintiffs, and in what way).  While the complaint must be "short and plain," it must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002) (internal quotation marks omitted).  Specifically, "[t]he plaintiff must allege with at least some degree of particularity *overt acts* which defendants engaged in that support the plaintiff's claim."  Jones v. Cmty. Redevelopment Agency of City of Los Angeles, 733 F.2d 646, 649 (9th Cir. 1984) (emphasis added) (internal quotation marks omitted).

## II.  COMPLAINT

The complaint alleges simply, "Discrimination based on age and race (Black 64 yr. old)," and "The employee was denied employment from 1992 until present.  Loss of earnings in an excess of $100,000 dollars."  See Complaint ¶¶ II(b)(3), III, IV.

## II.  ANALYSIS

Plaintiff's complaint is certainly a short and plain statement.  However, the complaint is so excessively short and plain that it does not give each defendant fair notice of what it is alleged to have done.  The complaint does not specify the particular employment act or acts that are alleged to be discriminatory, when this discrimination occurred – other than a 24-year period from 1992 to the present – or what facts and circumstances would support the inference that racial animus was involved.  Plaintiff alleges he was "denied employment," but it is impossible to know whether plaintiff means that he applied for jobs and was denied, or that he was discharged from employment, let alone when these decisions were made and who made them.  In short, there are no facts alleged that put defendants on notice of what overt acts on their part are alleged to have been discriminatory.

The court is aware that it could simply order the complaint to be served, and leave it to defendants to file motions seeking a more definite statement.  However, it seems a more efficient use of judicial resources, and a more sensible procedure, to require at the outset that plaintiff provide enough facts in the complaint for defendants to know what it is they are being charged

////

with.  Accordingly, the complaint will be dismissed and plaintiff will be provided an opportunity to amend.

### III.  AMENDING THE COMPLAINT

Although plaintiff's original complaint does not contain enough facts to put defendants on notice of the allegations against them, the court is not asking plaintiff to write down everything that happened to him from 1992 to the present.  Instead, in amending his complaint, plaintiff is advised to keep the following in mind.

Plaintiff's claims must be set forth simply, concisely and directly.  Fed. R. Civ. P. 8(d)(1) ("[e]ach allegation must be simple, concise and direct"); McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) ("[t]he Federal Rules require that averments 'be simple, concise, and direct'").  The amended complaint should contain separately numbered, clearly identified claims.  In addition, the allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint.

Each paragraph should be limited "to a single set of circumstances" where possible.  Fed. R. Civ. P. 10(b).  Plaintiff must avoid excessive repetition of the same allegations.  Plaintiff must avoid narrative and storytelling.  That is, the complaint should not include every detail of what happened, nor recount the details of conversations (unless necessary to establish the claim), nor give a running account of plaintiff's hopes and thoughts.  Rather, the amended complaint should contain only those facts needed to show how each defendant legally wronged the plaintiff.  Since there are two defendants in this case, the amended complaint must set forth which defendant did what to plaintiff.

Local Rule 220 requires that an amended complaint be complete in itself without reference to the prior complaint, or any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED;

2. The complaint is DISMISSED with leave to amend within 30 days of the date of this order;

3. If plaintiff does not comply with this order, the undersigned may recommend that this action be dismissed.

DATED: June 10, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE